IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TIMOTHY JAMES LAMB** | * | |
| | * | |
| v. | * | Civil Case No. GLR-14-0886 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' dispositive cross-motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions. ECF Nos. 10, 12. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that both motions be denied and that the case be remanded to the Commissioner for further consideration in accordance with this report.

Mr. Lamb applied for Disability Insurance Benefits on March 1, 2010, alleging a disability onset date of August 1, 2008. (Tr. 178-86). His claim was denied initially on August 10, 2010, and on reconsideration on May 5, 2011. (Tr. 79-83, 85-86). An Administrative Law Judge ("ALJ") held a hearing on September 10, 2012, (Tr. 35-64), and subsequently denied benefits to Mr. Lamb in a written opinion, (Tr. 16-29). The Appeals Council declined review, (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Mr. Lamb suffered from the severe impairments of chronic venous

insufficiency, "varicose veins of liver extremities," and deep vein thrombosis.[1]  (Tr. 22). However, the ALJ determined that Mr. Lamb retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except with the following limitations. He requires a sit/stand option (stand for 15 to 20 minutes before alternating to sitting for 15 to 20 minutes). He cannot climb ladders, ropes, or scaffolds. He requires no work around dangerous machinery or unprotected heights. The claimant must elevate the lower extremities at stool level which can be done below a desk periodically throughout the workday.

(Tr. 23). After considering testimony from a vocational expert ("VE"), the ALJ determined that betweeen August 1, 2008 and December 27, 2010, Mr. Lamb could perform sedentary, unskilled work existing in significant numbers in the national economy, and that he was therefore not disabled. (Tr. 27). However, the ALJ found that, upon his fiftieth birthday on December 27, 2010, Mr. Lamb became disabled under the Medical Vocational Rules. (Tr. 28-29).

Mr. Lamb disagrees with the conclusion that he was capable of sedentary work between his alleged onset date and his fiftieth birthday. He asserts three arguments in support of his appeal: (1) that the ALJ failed to give sufficient weight to the opinions of his treating physician, Dr. Firozvi; (2) that the ALJ erred in making an adverse credibility assessment; and (3) that the ALJ failed to consider his disability rating from the Veteran's Administration (VA). I concur that the ALJ did not properly consider the VA disability rating, and I therefore recommend remand. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Lamb was not entitled to benefits is correct or incorrect.

The record reflects that, prior to the date of the ALJ's decision, Mr. Lamb had an existing partial disability rating from the VA. *See, e.g.,* (Tr. 860). Nevertheless, the ALJ does not mention that partial disability rating anywhere in his opinion, and does not appear to have

---

[1] Presumably, the ALJ intended to write "lower extremities," although the phrase "liver extremities" was used twice.

requested the VA's records for Mr. Lamb's file.  In light of the Fourth Circuit decision in *Bird v. Commissioner of Social Security Administration*, 699 F.3d 337 (4th Cir. 2012), I agree that the ALJ's failure to evaluate the VA disability rating constitutes error warranting remand.[2]  In *Bird,* the Fourth Circuit noted that the assignment "of at least some weight" to a VA disability determination is proper because both agencies "serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability."  *Bird*, 699 F.3d at 343.  The court held that in making a disability determination, the precise weight that the Social Security Adminstration (SSA) must afford to a VA disability rating is "substantial weight."  However, the court noted that, because the standards used for evaluating disability claims differ between the agencies, and because the effective dates of coverage under the two programs would likely vary, "an ALJ may give less weight to a VA disability rating when the record before the ALJ *clearly demonstrates* that such deviation is appropriate."  *Id.* (emphasis added).  To be clear, a disability determination by another governmental agency, such as the VA, is not binding on the SSA, but it cannot be ignored.  *See* 20 C.F.R. § 404.1504; SSR 06–03p, 2006 WL 2329939, at *6-7.  In this case, the ALJ simply disregarded the VA disability rating.

The Commissioner contends that the ALJ's failure to discuss the VA disability rating constituted harmless error.  Def. Mot. 20-22.  Specifically, the Commissioner submits that Mr. Lamb has not established that affording "substantial weight" to the VA disability rating would have changed the outcome, particularly because Mr. Lamb's varicose veins were assigned only a 40 percent disability rating.  *Id.*  While it is true that this case is factually distinguishable from *Bird,* in which the claimant had received a 100 percent disability rating from the VA, nothing in the *Bird* opinion limits its dictates to a full, as opposed to a partial, disability rating.  *See, e.g. Carter v. Colvin,* No. 5:12-CV-736-FL, 2014 WL 351867, at *4 (E.D.N.C. Jan. 31, 2014)

---

[2] While *Bird* was decided about one month after the ALJ's opinion, it was decided prior to review by the Appeals Council.

(rejecting a harmless error analysis where the ALJ failed to consider a 10 percent VA disability rating). It may well be that the partial nature of Mr. Lamb's disability rating could constitute a reason to deviate from the assignment of "substantial weight" to that rating, but without any analysis by the ALJ of the VA disability rating, no such determination can be made. Accordingly, remand is appropriate to permit sufficient evaluation of the VA disability rating pursuant to the *Bird* decision.[3]

Mr. Lamb also alleges error in the assignment of weight to his treating physician, Dr. Firozvi, and in the adverse credibility determination made by the ALJ. After thorough review, I find no error in the assignment of weight to Dr. Firozvi's opinion. The ALJ assigned the opinion "some weight," but found that the record did not support "these severe limitations prior to the established onset date." (Tr. 26). In support of that assignment, the ALJ cited (1) Dr. Firozvi's own treatment records; (2) the consultative evaluation by Dr. Osia; and (3) the opinion of reviewing state agency physician Dr. Lim. (Tr. 24-26). Thus, this is not a case, as suggested by Mr. Lamb, where the ALJ relied exclusively on a non-examining state agency physician to discredit a treating physician. Moreover, the ALJ included significant accommodations in the RFC assessment, including a sit/stand option and a requirement that Mr. Lamb be able to elevate his lower extremities at stool level throughout the workday. (Tr. 23). Accordingly, I find the ALJ's RFC assessment and assignment of weight to Dr. Firozvi's opinion to be supported by substantial evidence, and I do not recommend remand on that basis.

With respect to the credibility assessment, while there may be no error requiring remand,

---

[3] The Commissioner's contention that this case is similar to *Maddox v. Comm'r, Soc. Sec. Admin.*, No. SAG-12-3080, 2013 WL 6011969, at *3 (D. Md. Nov. 12, 2013), is unpersuasive. In Mr. Lamb's case, the existence of the VA disability rating was evident in the file before the ALJ, and the *Bird* decision issued prior to consideration of his claim by the Appeals Council. In *Maddox,* the VA did not award disability until after the Appeals Council had reviewed Mr. Maddox's claim. Thus, the VA decision in the *Maddox* case was considered under a "new and material evidence" standard, not a "harmless error" standard as proposed by the Commissioner here.

because Mr. Lamb's case is being remanded on other grounds, I recommend that the ALJ incorporate a discussion of Mr. Lamb's work history into his credibility assessment.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 12);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 10);

3. the Court REMAND the case to the Commissioner for further proceedings and CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: November 4, 2014                                                /s/
                                                                            Stephanie A. Gallagher
                                                                            United States Magistrate Judge